**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NURMAIDA SITORUS; VEGA BELLA
INGGRID,

                    Petitioners,

        v.

ERIC H. HOLDER, Jr., Attorney General,

                    Respondent.

No. 09-70841

Agency Nos.  A088-558-385
                      A088-558-386

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

    Nurmaida Sitorus and Vega Bella Inggrid, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' order summarily

affirming their appeal from an immigration judge's decision denying their

------

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that the incidents of harassment experienced by petitioners do not rise to the level of persecution, either individually or cumulatively. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents suffered by ethnic Chinese petitioner in Indonesia, considered in the aggregate, did not amount to persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel finding that Ukrainian Pentecostal Christian who was "teased, bothered, discriminated against and harassed" suffered past persecution). Further, even under a disfavored group analysis, the record does not compel the conclusion that petitioners have established a well-founded fear of persecution, because they did not establish sufficient individualized risk of harm. *See Halim*, 590 F.3d at 977-80. Accordingly, petitioners' asylum claim fails.

Because petitioners failed to meet the lower burden of proof for asylum, their claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**